UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| ROBERT JAMES TIJERINA, III, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 7:21-cv-00090 |
| § | |
| STATE FARM MUTUAL AUTOMOBILE § | |
| INSURANCE COMPANY, § | |
| § | |
| Defendant. § | |

**OPINION AND ORDER**

The Court now considers "Defendant's Unopposed Motion for Separate Trials and Abatement of Extra-Contractual Claims."[1] Because the motion is unopposed, the Court considers it as soon as practicable.[2] After considering the motion, record, and relevant authorities, the Court **GRANTS** Defendant's motion and **ORDERS** bifurcation of Plaintiff's claims as set forth in this order.

**I. BACKGROUND AND PROCEDURAL HISTORY**

This is an uninsured motorist (UM) insurance dispute. Plaintiff Robert James Tijerina, III filed suit in state court on February 11, 2021, alleging that he was cycling on the shoulder of a highway when a motorist failed to yield the right of way while turning left and negligently injured Plaintiff.[3] Plaintiff alleges that, at the time of the incident, he was covered by insurance issued by Defendant State Farm Mutual Automobile Insurance Company and met all

---

[1] Dkt. No. 6.
[2] LR7.2 ("Motions without opposition and their proposed orders must bear in their caption 'unopposed.' They will be considered as soon as it is practicable.").
[3] Dkt. No. 1-2 at 3–4, ¶ 7.

preconditions to receive uninsured motorist benefits arising from the policy but that Defendant refuses to pay.[4] Plaintiff brings various breach of contract and statutory insurance claims.[5]

The state court summons issued on February 12, 2021.[6] Defendant appeared and answered in state court on March 8th,[7] then filed its amended answer the same day.[8] Defendant then removed to this Court three days later on the grounds of diversity jurisdiction under 28 U.S.C. § 1332.[9] Defendant asserts that Plaintiff is a citizen of Texas, Defendant is incorporated and has its principal place of business in Illinois, and that Plaintiff seeks relief of at least $250,000.[10] No party disagrees that this Court has diversity jurisdiction.[11] On March 29th, Defendant filed the instant unopposed motion to sever and abate.[12] The motion is ripe for consideration. The Court turns to its analysis.

## II. Discussion

### a. Legal Standard

Federal Rule of Civil Procedure 42(b) provides that the Court may order a separate trial of certain issues or claims "[f]or convenience, to avoid prejudice, or to expedite and economize," but the Court must preserve a right to jury trial. "'A motion to bifurcate is a matter within the sole discretion of the trial court.'"[13] This means that, even if state law requires a bifurcation of trial or issues, the Court will nevertheless apply its own case-specific discretion.[14]

---

[4] *Id.* at 5–6, ¶ 10.
[5] *Id.* at 6–9, ¶¶ 11–17.
[6] Dkt. No. 1-3 at 2.
[7] Dkt. No. 1-4 at 2.
[8] Dkt. No. 1-5.
[9] Dkt. No. 1.
[10] *Id.* at 2, ¶¶ 5–7.
[11] Dkt. No. 7 at 2, ¶ 6.
[12] Dkt. No. 6.
[13] *Nester v. Textron, Inc.*, 888 F.3d 151, 162 (5th Cir. 2018) (quoting *First Tex. Sav. Ass'n v. Reliance Ins. Co.*, 950 F.2d 1171, 1174 n.2 (5th Cir. 1992)).
[14] *See id.* at 162–63.

### b. Analysis

Defendant argues that, because Plaintiff must first establish that there is a judicial determination of the tortfeasor motorist's negligence before Plaintiff is entitled to recover UM/UIM benefits under his insurance policy, Plaintiff's claims beyond breach of contract are premature and should be tried separately.[15] The general rule in Texas is "that an insured cannot recover policy benefits for an insurer's statutory violation if the insured does not have a right to those benefits under the policy."[16] The statutory language governing insurance means that the "insurer is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and [uninsured or] underinsured status of the [tortfeasor] motorist."[17] Therefore, "[s]ome courts abate extra-contractual UIM claims until they reach a judgment regarding liability because the success of such claims is largely contingent on this judgment. However, the court may deny abatement if it would unduly prolong the litigation."[18] In short, the general rule is that no plaintiff may make out extra-contractual or statutory insurance claims without first obtaining a judgment establishing the liability of the motorist who caused the plaintiff's injury. In this vein, the First and Twelfth Courts of Appeals of Texas have determined that extra-contractual claims *must* be abated on the theory that the extra-contractual claims will be rendered moot if the insured plaintiff does not obtain a favorable judgment on the liability of the tortfeasor motorist.[19] Some Texas appellate courts have similarly held that it was an abuse of

---

[15] Dkt. No. 6 at 2–8, ¶¶ 7–19.
[16] *USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 490 (Tex. 2018).
[17] *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006).
[18] *Fowler v. Gen. Ins. Co. of Am.*, No. 3:14-CV-2596-G, 2014 WL 5879490, at *4 (N.D. Tex. Nov. 13, 2014) (collecting cases); *see Peche v. Wavle*, No. SA19CA1217FBHJB, 2020 WL 7973919, at *6 n.7 (W.D. Tex. Apr. 28, 2020) (citing *Green v. Allstate Fire & Cas. Ins. Co.*, No. SA-19-CV-360-XR, 2019 WL 2744183, at *2 (W.D. Tex. July 1, 2019)).
[19] *Green*, 2019 WL 2744183, at *3 (citing *In re Liberty Cty. Mut. Ins. Co.*, 537 S.W.3d 214, 220 (Tex. App.—Houston [1st Dist.] 2017, no pet.) & *In re Allstate Fire & Cas. Ins. Co.*, No. 12-17-00266-CV, 2017 WL 5167350, at

discretion to refuse to abate discovery on the extra-contractual claims because the parties should not be made to incur the "effort and expense of conducting discovery and preparing for trial of claims that may be disposed of in a previous trial."[20] The Texas Supreme Court, as this Court recently held, requires some extra-contractual injury that is "unrelated to and independent of the denial of [the] underlying policy claim" in order for a plaintiff's extra-contractual claims to proceed without first judicially establishing the liability of the motorist tortfeasor.[21] Lastly, Texas appellate courts have frequently found that undue prejudice would redound to the insurer if courts refused to sever extra-contractual or statutory claims from breach of contract claims when the insurer has made an offer of settlement, because evidence of that offer probably helps the insurer on the extra-contractual claims but hurts the insurer on the breach of contract claim.[22] There are many reasons for, and few exceptions to, the general rule that a plaintiff cannot proceed on extra-contractual claims against an insurer without a favorable judgment as to the liability of the tortfeasor.

The Court notes that Plaintiff is unopposed to Defendant's motion to bifurcate the trial of Plaintiff's breach of contract claim from the extra-contractual claims.[23] From this, the Court assumes that Plaintiff has not obtained a favorable judgment as to the liability of the alleged

---

*4 (Tex. App.—Tyler Nov. 8, 2017, no pet.)); *see In re Old Am. Cnty. Mut. Fire Ins. Co.*, No. 13-12-00700-CV, 2013 WL 398866, at *4 (Tex. App.—Corpus Christi Jan. 30, 2013) (similar).
[20] *U.S. Fire Ins. Co. v. Millard*, 847 S.W.2d 668, 673 (Tex. App.—Houston [1st Dist.] 1993, no pet.) (orig. proceeding); *see Tex. Farmers Ins. Co. v. Stem*, 927 S.W.2d 76, 79 (Tex. App.—Waco 1996, no pet.) (orig. proceeding) (holding that severance and abatement of extra-contractual claims was mandatory in contrast to the Thirteenth Court of Appeals of Texas).
[21] *Garza v. Allstate Fire & Cas. Ins. Co.*, 466 F. Supp. 3d 705, 712 (S.D. Tex. 2020) (Alvarez, J.).
[22] *See Liberty Nat. Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996) ("A severance may nevertheless be necessary in some bad faith cases. A trial court will undoubtedly confront instances in which evidence admissible only on the bad faith claim would prejudice the insurer to such an extent that a fair trial on the contract claim would become unlikely. One example would be when the insurer has made a settlement offer on the disputed contract claim."); *In re Progressive Cty. Mut. Ins. Co.*, No. 09-07-011-CV, 2007 WL 416553, at *1 (Tex. App.—Beaumont Feb. 8, 2007, no pet.) ("Prejudice arises from the conflict between the insurer's need to introduce evidence of its settlement offer in defense of the bad faith claim and the insurer's right to exclude evidence of an offer to compromise in the trial of the contract claim.").
[23] Dkt. No. 6 at 9.

tortfeasor motorist. Accordingly, the Court finds that no exception to the general rule that Plaintiff must first acquire a favorable judicial determination with respect to the tortfeasor motorist's liability applies here. Therefore, "severance of the claims and abatement of the bad faith claims is appropriate because of the irreconcilable conflict between the respective parties' interests if severance is denied."[24] The Court **GRANTS** Defendant's motion for separate trials and abatement of Plaintiff's extra-contractual claims. Accordingly, Plaintiff's claims entitled "Insurance Code," "Unfair Settlement Practices," "Breach of Duty of Good Faith and Fair Dealing," "Unreasonable Delay in Payment of Claim," and claim for attorneys' fees to the extent the claim relies on the foregoing claims[25] are all **STAYED** pending a final judicial determination on the liability of the alleged tortfeasor motorist Ester Vasquez Enriquez in causing Plaintiff's injuries on or about November 29, 2019. The Court holds that Plaintiff is not entitled to discovery on Plaintiff's stayed claims until further order of the Court. The Court further **ORDERS** that trial on Plaintiff's breach of contract claim and stayed claims shall be held separately, with Plaintiff's breach of contract claim tried first.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 1st day of April 2021.

                                         Micaela Alvarez
                                         United States District Judge

---

[24] *In re Trinity Universal Ins. Co.*, 64 S.W.3d 463, 467 (Tex. App.—Amarillo 2001), *aff'd sub nom. Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809 (Tex. 2006).
[25] Dkt. No. 1-2 at 6–9, ¶¶ 12–17.